IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOVE FIELD TERMINAL PARTNERS, L.P., ET AL. § § § Plaintiffs, § § VS. § THE CITY OF DALLAS, TEXAS, § ET AL. § § Defendants. § | § § § § § § § § § § § | NO. 3-06-CV-2089-D |

**MEMORANDUM ORDER**

Defendants have filed a motion for protective order in connection with an Open Records request served by plaintiffs on November 7, 2006. The request seeks nine categories of documents relating to an agreement between the City of Dallas, the City of Fort Worth, Southwest Airlines Co., American Airlines, Inc., and the DFW International Airport Board resolving a dispute over "Wright Amendment issues." According to defendants, the Open Records request is barred by an exception to the Texas Public Information Act, which exempts from disclosure "information relating to litigation of a civil or criminal nature to which the state or a political subdivision is or may be a party[.]" *See* TEX. GOV'T CODE ANN. § 552.103(a).[1] Plaintiffs counter that: (1) the court lacks subject matter jurisdiction because the case was improperly removed by defendants; (2) the propriety of the Open Records request is currently before the Texas Attorney General; and (3) defendants have

---

[1] In their motion for protective order, defendants also argue that the Open Records request is barred by Fed. R. Civ. P. 26(d), which prohibits the parties from conducting discovery before a Rule 26(f) conference is held. The district judge has directed the attorneys to submit a scheduling proposal by December 15, 2006 and to hold a Rule 26(f) conference "no later than seven calendar days before the scheduling proposal is due[.]" *See* Order, 11/15/06 at 2, ¶ III. At the latest, counsel were required to meet and confer by December 11, 2006, after which time discovery may proceed. This moots that portion of defendants' motion.

waived their right to invoke the "litigation exception" to the Public Information Act by previously disclosing some or all of the requested information. The parties were given an opportunity to brief their respective positions in a Joint Status Report filed on December 7, 2006, and the motion is ripe for determination.[2]

The court summarily rejects the first argument advanced by plaintiffs--that the motion for protective order should be denied because this case was improperly removed to federal court. That jurisdictional issue will be decided by the district judge in the context of plaintiffs' motion to remand and has no impact on the resolution of the instant discovery dispute.

However, the court is persuaded that the propriety of plaintiff's Open Records request should be determined, in the first instance, by the Texas Attorney General. Under Texas law:

> A governmental body that receives a written request for information that it wishes to withhold from public disclosure and that it considers to be within one of the exceptions under Subchapter C must ask for a decision from the attorney general about whether the information is within that exception if there has not been a previous determination about whether the information falls within one of the exceptions.

TEX. GOV'T CODE ANN. § 552.301(a). If the Attorney General determines that none of the exceptions apply and that the information should be disclosed, the governmental body may challenge that decision by filing suit in Texas state court. *See id.* § 552.324(b).

---

[2] The court notes that defendants have not cited to any legal authorities in their portion of the Joint Status Report. Instead, both parties assume they will be allowed to submit further briefing. However, as the court stated in its November 30, 2006 order:

> The purpose of a joint status report is to enable the court to determine the respective positions of each party regarding the subject matter of a discovery dispute. To this end, the parties should present their arguments and authorities in the body of the report. Supporting evidence and affidavits may be submitted in a separate appendix. If further briefing is desired before any unresolved matters are set for a hearing, the joint status report must indicate why the party requesting further briefing could not fully present its arguments and authorities in the report. The court, in its discretion, may allow further briefing upon request by any party.

Order, 11/30/06 at 2-3. Neither party has explained why they could not fully present their arguments and authorities in the Joint Status Report. Accordingly, the request for further briefing is denied.

By letter dated November 21, 2006, the City of Dallas asked the Texas Attorney General for a determination as to whether the information requested by plaintiffs falls within the "litigation exception" to the Public Information Act. (*See* Jt. Stat. Rep. App., Exh. A). That request is still under consideration. Whether or not this court has authority to embroil itself in this controversy, it declines to do so. The matter should be resolved by state administrative and judicial authorities in accordance with Texas law.

For these reasons, defendants' motion for protective order [Doc. #6] is denied.

SO ORDERED.

DATED: December 13, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE